UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
**DONALD WILLIAMS,**

                Plaintiff,

   -against-

                                                        **MEMDORANDUM & ORDER**
                                                          20-CV-5113 (AMD) (LB)

**THE CITY OF NEW YORK;
SENATOR JAMES SANDERS and
HAYDEN HORSHAM,**

                Defendants.
----------------------------------------------------------X
**ANN M. DONNELLY**, United States District Judge:

        On October 22, 2020, the plaintiff, Donald Williams, filed this *pro se* action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On November 9, 2020, the plaintiff paid the $400 filing fee to commence this action.[1] For the reasons set forth below, the Court grants plaintiff leave to file an amended complaint within 30 days.

## BACKGROUND

        The plaintiff alleges that on October 23, 2017, Officer Dawn Henley arrested him based on Senator James Sanders' false complaint. (ECF No. 1 ¶ 7.) Specifically, the plaintiff alleges that he sent Senator Sanders and Councilman Donovan Richards a letter "over a job in the community where [the plaintiff] resided," and that defendant Sanders told the police that the letter included a "so-called terro[r]ist threat (coercion and harassment)." (*Id*. ¶¶ 7-8.) The plaintiff also seems to allege that defendant Sanders directed defendant Horsham to "deface" the plaintiff's letter by removing "white out on said letter;" the white out was "scratched out under a [specific] word," and that word was "used to defame and arrest plaintiff as stating that plaintiff

---

[1] The Clerk of Court issued a summons upon receipt of the filing fee.

1

made a terrorist threat." (*Id*. ¶¶ 11, 20.) The plaintiff was detained at Rikers Island for "about 14 days, then released on bail . . . on November 4, 2017," and the charges were dismissed on October 24, 2018. (*Id*. ¶¶ 12, 14.) The plaintiff alleges that Senator Sanders committed fraud and had "plaintiff falsely arrested so that he could miss work opportunity to gain full employment and join the union." (*Id*. ¶ 20.) Although plaintiff alleges that Officer Henley arrested him falsely, he does not name her as a defendant. (*Id*. ¶ 7.) He seeks $500,000.00 in damages. (*Id*. at 3.)

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, and interpret their complaints to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a *pro se* litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Fed. R. Civ. P. 8.

## DICUSSION

The plaintiff is proceeding pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

2

>  injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

**I.     False Arrest Claim**

As explained above, while the plaintiff alleges that Officer Henley arrested him falsely, he does not name her as a defendant. The elements of a false arrest require the plaintiff to show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (alteration in the original) (internal quotation marks and citation omitted). The existence of probable cause to arrest "is a complete defense to an action for false arrest," *id.* at 852 (internal quotation marks omitted), "whether that action is brought under state law or under § 1983," *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (internal quotation marks and citation omitted); *see also Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). "Probable cause is an objective inquiry based on the facts available to the police officer at the time of arrest." *Smith v. DeGirolamo*, No. 17-CV-5532, 2020 WL 5752226, at *7 (E.D.N.Y. Sept. 25, 2020) (citation omitted). "[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the

person arrested has committed *any crime*." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) (emphasis added) (citing *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004)).

The Court assumes that the plaintiff meant to name the arresting officer as a defendant in addition to defendants Sanders and Horsham. If that was his intent, the Court grants him leave to file an amended complaint naming the arresting officer as a defendant and providing facts to support a false arrest claim against the arresting officer.

## II. Municipal Liability Claim

The plaintiff also names the City of New York as a defendant. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, like the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978).[2] It is well-settled that conclusory allegations, which merely recite the elements of a *Monell* claim, are insufficient to state a claim for municipal liability. *See, e.g.*, *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (affirming dismissal of a *Monell* claim where the plaintiff identified, "at most, only four examples" of constitutional violations, because "[t]his evidence falls far short of establishing a practice that is so persistent and widespread as to justify the imposition of municipal liability" (internal quotations omitted)); *Triano v. Town of Harrison*,

---

[2] The plaintiff cannot sue the City simply because the arresting officer is a New York City police officer. *See Cotto v. City of New York*, No. 17-CV-2845, 2020 WL 1228765 (2d Cir. Mar. 13, 2020) (allegations that focused on "individual officers and isolated events leading to [the plaintiff's] stop, detention, and prosecution without plausibly alleging a custom or policy pursuant to which those violations occurred" did not support a claim for municipal liability); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) ("isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability").

895 F.Supp.2d 526, 538 (S.D.N.Y. 2012) ("single instance" of unconstitutional conduct held insufficient to establish municipal policy).

The plaintiff does not allege a city policy or custom that caused him injury. (*See generally*, ECF No. 1.) In light of the plaintiff's *pro se* status, the Court grants him leave to file an amended complaint. If he decides to make a claim against the City of New York, he must allege facts that support a municipal liability claim as explained above.

## CONCLUSION

If the plaintiff decides to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear docket number, 20-CV-5113 (AMD) (LB).

The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. The amended complaint must be filed within 30 days from the date of this Order. If the plaintiff files an amended complaint, the Clerk of Court will issue an amended summons, if necessary.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED**.

    s/Ann M. Donnelly
    _____
    ANN M. DONNELLY
    United States District Judge

Dated: Brooklyn, New York
       November 23, 2020